IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| FOREST RIDGE CONDOMINIUM ) | Case No. 11-26003 |
| SUB-ASSOCIATION, ) | |
| ) | The Hon. John H. Squires |
| Debtor. ) | |

**OBJECTION OF THE FOREST RIDGE CONDOMINIUM SUB-ASSOCIATION, BY AND THROUGH ITS DULY ELECTED BOARD OF MANAGERS, TO DEBTOR'S APPLICATION TO RETAIN ALEX MOGLIA AS CHIEF RESTRUCTURING OFFICER AND MOGLIA ADVISORS AS FINANCIAL CONSULTANTS AND TO SHORTEN NOTICE THEREOF**

The Forest Ridge Condominium Sub-Association, by and through its duly elected Board of Managers and its attorneys, Diane J. Silverberg and Nicholas R. Mitchell, hereby objects to the Debtor's Motion to Retain Alex Moglia as Chief Restructuring Officer and Moglia Advisors as Financial Consultants (the "Motion") and, in support thereof, respectfully submits as follows.

**INTRODUCTION**

1. On June 22, 2011, individuals purporting to act as the Board of Managers of the Forest Ridge Condominium Sub-Association ("Forest Ridge") caused it to file a voluntary petition for relief under Chapter 11 of Title 11, United States Code (11 U.S.C. §§ 101, *et seq.*), in the United States Bankruptcy Court for the Northern District of Illinois. As demonstrated below, these individuals lack any authority to take action on Forest Ridge's behalf, whether with respect to the "voluntary" filing of the bankruptcy petition, the retention of Alex Moglia or otherwise.

2. By way of background, Forest Ridge is an Illinois condominium association governed by the Illinois Condominium Property Act, 765 ILCS 605/1, *et seq.* (the "Condo Act") and the Illinois General Not-For-Profit Corporation Act, 805 ILCS 105/101.01, *et seq.* (the "NFP Act").

3. Forest Ridge is a "sub-association" to Heritage Village Pointe Condominium Association ("Heritage"), a master association.

4. Forest Ridge is granted its authority to administer property within its auspices pursuant to a Fifteenth Amendment to Declaration of Condominium Pursuant to the Condominium Property Act for Heritage Village Pointe Condominium (the "Declaration") recorded with the Recorder of Deeds of Cook County, Illinois, on February 24, 2010 as Document No. 1005531065. A true and correct copy of the Declaration (the Fifteenth Amendment), is attached hereto as Exhibit 1.

5. The overall administration of the property comprising Forest Ridge is vested in its Board of Managers (Declaration, § 6.01 and 6.02), and is comprised of five members of the Association. (*Id.*, § 11.01(a)).

6. As of January 2011, the Board of Managers of Forest Ridge was comprised of Toni Dautel, Han Woo, Ronald Cabaya, Om Gupta and Jin Pak. (*See* Declaration of Toni Dautel (the "Dautel Declaration"), ¶ 11, a true and correct copy of which is attached hereto as Exhibit 2).

7. Upon information and belief, Gupta, Pak, Peter Tego, Russell Green, and Robert Storto (collectively, the "Rogue Board") are members of Forest Ridge.

8. In or around January 2011, Pak and Gupta circulated a document (the "Flyer") to "all condo owners" regarding various issues at (presumably) both Forest Ridge and Heritage. A true and correct copy of the Flyer is attached hereto as Exhibit 3. Dautel Declaration, ¶ 13.

9. The Flyer references an "election" that was scheduled to take place on January 24, 2011. *Id.*, Exhibit 3.

10. The Flyer was never submitted to the Forest Ridge Board of Managers, however, as required by the Declaration. § 12.02(c). Dautel Declaration, ¶ 17. Indeed, on January 19, 2011, Forest Ridge's attorney sent a notice to the Association's membership, stating that the purported "election" scheduled for January 24, 2011 was unauthorized and that Pak and Gupta's attempt to schedule the election did not comply with applicable Illinois law and Forest Ridge's governing documents. A true and correct copy of the January 19, 2011 letter is attached hereto as Exhibit 4. Dautel Declaration, ¶ 15.

11. Nonetheless, upon information and belief, on January 24, 2011, some number of members of Forest Ridge purportedly met and voted to "elect" the Rogue Board to replace the properly elected Forest Ridge Board.[1] A true and correct copy of the "meeting minutes" from the January 24, 2011 "meeting," is attached hereto as Exhibit 5. Dautel Declaration, ¶ 16.

12. The Declaration and Condo Act govern the removal and election of board members at Forest Ridge. The Rogue Board, however, failed to comply with their mandates.

13. More specifically, a special meeting must be called to remove any of the directors from the Forest Ridge Board of Managers. Exhibit 1, § 11.01(d).

14. Pursuant to the terms of the Forest Ridge Declaration, a special meeting may be called only by written notice by the President of the Board of Managers, a majority of the Board, or by unit owners holding at least 20% of the total votes of the Association. Exhibit 1, § 12.02(c).

15. Even if 20% of the membership approves such a special meeting, those seeking removal must send written notice of the special meeting to the entire Association membership,

---

[1] For reasons unknown, Robert Storto was not referenced in the "meeting minutes" from the "election," but he is identified as a member of the Sub-Association Rogue Board in a letter sent to unit owners at the Associations, *See* Exhibit 7 hereto.

- 3 -

specifying the matters to be considered thereat, not less than ten days nor more than 30 days prior to the purported special meeting.  Exhibit 1, § 12.02(c).

16. Here, quite aside from the fact that the Flyer makes no pretense of having any authorization by any percentage of ownership for its dissemination, it is undated, so there is no demonstration that it was served the required ten to 30 days prior to the proposed meeting.

17. Additionally, the Flyer is defective as a notice because it fails to specify what matters would be considered at the special meeting, namely, the purported removal of specified directors and election of their replacements.  *Id*.  *See, too,* Exhibit 3.

18. Next, any matters that were to be submitted at the purported special meeting had to be submitted to the Forest Ridge Board at least ten days prior to the special meeting.  *Id*., Exhibit 1, § 12.02(c).  No such submission occurred.  Dautel Declaration, ¶ 17.

19. Only with the satisfaction of each of these steps, among others, could members of the Forest Ridge Board of Managers be removed by an affirmative vote of two-thirds of the entire Association membership.  Exhibit 1, § 11.01(d).  Since the evidence demonstrates that numerous of the requirements for proper removal were not satisfied, the removal election was invalid, the individuals comprising the Rogue Board were never properly elected, and the Rogue-Board-filed instant Motion is without legitimate authority to proceed.  *Cf.*  People *ex rel.* Carus v. Matthiessen, 269 Ill. 499 (1915).

20. On March 24, 2011, Forest Ridge conducted its annual 2011 meeting at which the true election of its Board of Managers took place.  Candidates elected for a two-year term thereat were Ronald Cabaya, Stan Okonski and Harry Sdralis.  Denise Reibel was elected for a one-year term.  Dautel Declaration, ¶ 18.

- 4 -

21. On March 25, 2011, the CPA firm of Picker and Associates announced the results of the 2011 election of Forest Ridge's Board of Directors conducted on March 24, 2011. A true and correct copy of a letter from the Association's CPA, certifying the results of the election, is attached hereto as Exhibit 6. Dautel Declaration, ¶ 19.

22. Following Forest Ridge's March 24, 2011 election, then, its actual and duly elected Board of Managers was comprised of Toni Dautel (the incumbent), Stan Okonski, Ronald Cabaya, Denise Reibel, and Harry Sdralis. Dautel Declaration, ¶ 18.

23. Because the removal meeting was ineffective, the Board of Managers in office as of March 24, 2011, namely, of Toni Dautel (the incumbent), Stan Okonski, Ronald Cabaya, Denise Reibel, and Harry Sdralis, remains the current Board and the only entity authorized to file a bankruptcy petition on the Association's behalf. *Id.*

24. The Board of Managers comprised of these individuals never voted to authorize the filing of the voluntary petition for bankruptcy that commenced this proceeding which, therefore, constitutes an unauthorized filing. Dautel Declaration, ¶ 20.

25. Additionally, and despite the duly conducted election on March 24th, the Rogue Board has engaged in a pattern of behavior that has disrupted the duly elected Board's ability to administer Forest Ridge's property, and has caused the dissipation of Association assets. Such unauthorized actions include, but are not limited to:

    a. The opening of a new management office that leaves unit owners uncertain of where to send their assessments – the life blood of any association;

    b. Purporting to enter into contracts with, and hire, new property managers that duplicate already existing contracts;[2]

---

[2] It is well established that "[u]nder Illinois law, agents personally bind themselves to a contract if they have no authority to enter into the contract on behalf of the principal." Byrne v. Dew, 90 C 4558, 1991 WL 83160 (N.D. Ill. May 9, 1991).

      c.      Purporting to lower assessments by $240 per unit per year ($20 per unit per month);

      d.      Purporting to waive unit-owner parking fees; and

      e.      The filing of the instant bankruptcy petition.

Dautel Declaration, ¶ 21 and Exhibit 7 hereto.

26. Such unauthorized actions have profoundly compounded, if have not created, the very financial crisis which the Rogue Board uses as the justification for its instant Motion.

27. Because, as the foregoing makes clear, Om Gupta, Jin Pak, Peter Tego, Russell Green, and Robert Storto – the individuals behind the above-captioned bankruptcy proceeding – lack any authority to proceed on Forest Ridge's behalf with this bankruptcy petition, and because it is their unauthorized conduct that has exacerbated, if not caused, the current financial predicament of which they complain in their Motion, the relief sought therein - to retain Mr. Moglia or his company in this unauthorized proceeding – properly should be denied.

WHEREFORE, the Forest Ridge Condominium Sub-Association, by and through its duly elected Board of Managers, prays that this Honorable Court deny the Debtor's Application To Retain Alex Moglia As Chief Restructuring Officer And Moglia Advisors As Financial Consultants And To Shorten Notice Thereof, and award Forest Ridge such other and further relief as the Court deems just and proper, including an award of the Association's attorneys' fees and costs in defending against this Motion, and the dismissal of this bankruptcy petition as

having been filed as a voluntary petition without the authorization of the Association's Board of Managers.

                Respectfully submitted,

                FOREST RIDGE CONDOMINIUM SUB-ASSOCIATION, by and through its duly elected Board of Managers


                By:  /s/ Diane J. Silverberg
                      One of its attorneys

Diane J. Silverberg - 6194968
Nicholas R. Mitchell - 6280640
**KOVITZ SHIFRIN NESBIT**
750 W. Lake Cook Road, Suite 350
Buffalo Grove, IL  60089
(847) 537-0500